## Case No. 3,289.

COVERDALE v. The NORTH AMERICA et al.

[Crabbe, 420.] [1]

District Court, E. D. Pennsylvania. March 29, 1841.

POSSESSION OF VESSEL—MOIETY OWNERS.

Where a party, late master, and claiming to be part owner of a vessel, prayed for possession, and, also, for security for her safe return from a voyage projected by the other owner, and the question of title depends on the state of the accounts between the parties, which could not conveniently be settled before the court; an interlocutory order was made, that the vessel be delivered to the libellant, to proceed on the projected voyage, on his own stipulation for her return and submission to the order of the court, and on payment of the costs accrued at the date of the order, but the ultimate liability for those costs to await a final decree.

This was a libel, by [Levi Coverdale[ a dissentient part owner, late master, praying for possession of his share of the schooner North America, and for security for her safe return from a voyage projected by the other part owner. The libellant's part ownership was denied by the respondent [Martha Russel, owner of the other moiety of the vessel]. The case came on for a hearing, on the 27th March, 1841, and was argued by:

G. M. Wharton, for libellant.

O. Hopkinson, for respondent.

HOPKINSON, District Judge. In the present state of the evidence in this case, it is impossible to come to any certain or satisfactory conclusion as to the true character of the contract between the parties. That a negotiation was carried on, for the sale of one half part of the vessel, is undoubtedly true, but we have nothing to inform us what the contract was. The evidence consists altogether of loose, casual, and contradictory conversation; from some of which we would infer that the transfer was absolute, and from others, that it was not to be made until the libellant had actually paid his equal share of the first cost of the vessel, and of the expenses that had been incurred for her repair. In this uncertainty the acts of the parties will not only be a safer interpretation of their intentions, but furnish an equitable ground for the final disposition of the case. Of these acts none is so important as the amount of money paid by the libellant in execution of this contract. If he has paid all, or the greater part of the price, as he contends, the presumption will be in his favor; if, on the other hand, he has paid but the small sum insisted upon by the respondent, both the presumption as to the character of the contract, and the equity of the case, would forbid me from putting him into possession of a property for which he has paid so little, when his personal responsibility for the residue does not appear to be such as can be relied upon. This important part of the case

____
[1] [Reported by William H. Crabbe, Esq.]

depends upon the state of the accounts between the parties. They have not been examined, except in a very general way, by the counsel on either side, nor indeed do they seem to have the means of making an accurate statement. This will require some time, and may be done by the counsel at their offices, with the explanation of the parties. The evidence that has been produced here may be also used. The counsel may either do this separately, and submit their respective statements to the court, or, which will be better, make the examination together, and agree upon the result. In the mean time the vessel must not continue at an expense that is eating her up. The interest of both parties require that this should be avoided. In these circumstances I have come to the conclusion to make no final decree at this time, but an interlocutory order. One of the excellencies of the admiralty jurisdiction is the control the court has over the case, to do justice to the parties, and take care of their interests, sometimes to protect them against themselves. The judge may be mistaken as to what is just and right in the case, but he is seldom prevented from doing what he thinks to be so by any impediment of form.

It is ordered, that the vessel be delivered to the libellant to proceed on the voyage now intended, on giving his own stipulation for the return of the vessel to the port of Ph'ladelphia, there to be placed in the custody and under the order of the court: and that the said vessel be delivered to the libellant, by the marshal of the court, on his paying the costs now accrued on her; but the ultimate liability for these costs shall await the final decree of the court.